UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ADAM F. BLASKOWSKI, | Case No. 16-CV-2677 (JRT/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CATHOLIC CHARITIES MENTAL HEALTH CLINIC; JUDITH ROBIN LARSEN; MARY MATTLEN; JOHN SCHERER; and VICKI LANDWEHR, | |
| Defendants. | |

---

Plaintiff Adam F. Blaskowski has initiated three lawsuits in this District over the past eight months. *See Blaskowski v. Landwehr*, No. 16-CV-0157 (DWF/LIB) (D. Minn. Jan. 25, 2016); *Blaskowski v. Vicki Land Wehr Construction*, No. 16-CV-0447 (DWF/LIB) (D. Minn. filed Feb. 23, 2016). *Blaskowski v. Anderson Trucking*, No.16-CV-0601 (ADM/LIB) (D. Minn. filed Mar. 29, 2016). None of the complaints filed in those actions stated a claim on which relief may be granted, and each was dismissed prior to service of the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In fact, each of the complaints was nearly illegible and largely incomprehensible. A fourth complaint filed in the United States District Court for the Central District of California and transferred to this District was much the same. *See Blaskowski v. State of Minnesota*, No. 15-CV-2733 (MJD/LIB) (D. Minn. filed May 18, 2015). A fifth lawsuit this time filed in the United States District Court for the District of New Jersey has been recommended for dismissal; that recommendation is currently pending. *See Blaskowski v. Minnesota*, No. 16-CV-1831 (JRT/LIB) (D. Minn. filed Apr. 11, 2016).

Perhaps frustrated by his inability survive screening as an *in forma pauperis* ("IFP") litigant in this District, *see* 28 U.S.C. § 1915, Blaskowski has initiated actions in other federal districts that have no connection to those venues. The suit brought in the Central District of California has already been mentioned; two lawsuits brought in the United States District Court for the District of Montana were dismissed for improper venue, *see Blaskowski v. Electrolux Home Products, Inc.*, No. 1:15-CV-0049-SPW (D. Mont. filed June 8, 2015); *Blaskowski v. Centra Care Clinic Hospital*, No. 1:16-CV-0037-SPW (D. Mont. Apr. 8, 2016), as was another brought in the United States District Court for the District of Connecticut*, see* No. 3:16-CV-0723-JCH (D. Conn. filed May 12, 2016). Blaskowski has also filed complaints elsewhere that have been dismissed pre-service for failure to state a claim. *See Blaskowski v. Farmers Insurance*, No. 1:16-CV-0353-M-PAS (D.R.I. filed June 24, 2016); *Blaskowski v. No Named Defendants*, No. 1:16-CV-0742-LTB (D. Colo. filed Mar. 29, 2016); *Blaskowski v. State of Minnesota*, No. 1:15-CV-0422-JTN-ESC (W.D. Mich. filed Apr. 21, 2015). One district has received several documents from Blaskowski that it has declined to interpret as a pleading on account of incoherency. *See In re Adam Frank Blaskowski*, No. 5:15-MC-0013 (W.D. La. opened Apr. 30, 2015).

Once again, Blaskowski has initiated litigation in another district (this time, the District of New Jersey) that had no connection whatsoever to that district. This matter was transferred to the District of Minnesota "in the interest of justice," Docket No. 11 at 2 (citing 28 U.S.C. § 1406(a)), but not before Blaskowski's application to proceed IFP was granted. Notwithstanding the granting of Blaskowski's IFP application, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

This action is frivolous. Like most of Blaskowski's pleadings, the Complaint is barely legible. Substantively, the Complaint consists of little more than a list of unrelated federal statutes that Blaskowski appears to believe the Defendants violated. *See* Compl. at 3 [Docket No. 1]. The reason for Blaskowski believing that Defendants violated these statutes is unclear, as the Complaint includes absolutely no factual allegations. Indeed, it is impossible to tell from the Complaint what this lawsuit is even about. The Complaint wholly lacks merit and should be summarily dismissed.

Blaskowski was previously warned that the right of access to the courts afforded to pro se litigants does not ensure an unrestricted opportunity to pursue frivolous, malicious, abusive, or repetitive proceedings. Given Blaskowski's history of frivolous litigation, both in this District and elsewhere, this Court believes it is now necessary and appropriate to protect the District from any further frivolous submissions by Blaskowski. Accordingly, this Court recommends that, in addition to dismissing Blaskowski's current Complaint, he be restricted from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District. Such a restriction will not preclude Blaskowski from pursuing meritorious claims for relief   only from filing further frivolous and repetitive pleadings. Should this Recommendation be adopted, it is also suggested that the Clerk of Court for the District of New Jersey be notified of the filing restrictions placed upon Blaskowski in this District.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be **SUMMARILY DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff Adam F. Blaskowski be restricted from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District; and

3. The Clerk of Court of the United States District Court for the District of New Jersey be notified of the filing restrictions placed upon Blaskowski in this District.

Dated: August 30, 2016                               s/Leo I. Brisbois
                                                     Leo I. Brisbois
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.