## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM F. BLASKOWSKI | Civil No. 16-2677 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| CATHOLIC CHARITIES MENTAL HEALTH CLINIC, JUDITH ROBIN LARSEN, MARY MATTLEN, JOHN SCHERER, and VICKI LANDWEHR, | |
| Defendants. | |

Adam Blaskowski, 42 Seventh Avenue North, Waite Park, MN 56387, *pro se*.

Plaintiff Adam F. Blaskowski initiated this action in the United States District Court for the District of New Jersey on April 6, 2016. (Compl., Apr. 6, 2016, Docket No. 1.) The Complaint alleges Defendants Catholic Charities Mental Health Clinic, Judith Robin Larsen, Mary Mattlen, Minnesota Chief District Court Judge John Scherer, and Minnesota District Court Judge Vicki Landwehr (collectively, "Defendants") violated a series of statutes, including, but not limited to, the Indian Health Care Improvement Act, 25 U.S.C. §§ 1601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*. (Compl. at 3.) United States District Court Judge Robert B. Kugler, finding venue improperly laid in New Jersey, ordered the action transferred to the United States District Court for the District of Minnesota. (Order, Aug. 9, 2016, Docket No. 11.) Prior to transferring the action, however, Judge Kugler granted Blaskowski's application to proceed *in forma*

*pauperis* ("IFP").  (Order on Appl. to Proceed Without Payment of Fees, Apr. 7, 2016, Docket No. 2.)

On August 30, 2016, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending dismissal of Blaskowski's claims against the Defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  (R&R at 4, Aug. 30, 2016, Docket No. 14.)  The Magistrate Judge recommended dismissing the action because Blaskowski's claims wholly lack factual support.  (*Id.* at 2-3.)  The Magistrate Judge further recommended the Court restrict Blaskowski from filing new cases in the District of Minnesota without representation by counsel or prior written authorization from a judicial officer.  (*Id*. at 3.)  The Magistrate Judge based the recommendation on Blaskowski's history of filing numerous non-meritorious complaints against various Defendants.  (*Id.*)

Blaskowski filed timely objections to the R&R. (R&R Objs., Sept. 12, 2016, Docket No. 15.)  Blaskowski's objections, however, do not address the Magistrate Judge's recommendations.  (*See id.*)  Because the Court finds Blaskowski failed to allege sufficient facts to state a claim upon which relief may be granted and has a history of filing similar frivolous claims, the Court will overrule Blaskowski's objections, adopt the R&R, and dismiss Blaskowski's Complaint.

## ANALYSIS

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2);

*accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)). On a dispositive motion the Court reviews "properly objected to" portions of an R&R *de novo*. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery*, 98 F. Supp. 3d at 1017.

Because Blaskowski did not provide specific objections to the R&R and, instead, generally objected to the Magistrate Judge's recommendation, the Court reviews the R&R for clear error.

## II. DISMISSAL AS FRIVOLOUS

The Magistrate Judge did not clearly err when recommending the Court summarily dismiss this matter as frivolous. "[Section 1915(e)(2)(B)(i)] allows federal courts to dismiss frivolous or malicious actions that are filed in forma pauperis." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992). The Supreme Court has held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Blaskowski listed a series of statutes Defendants allegedly violated with no indication of the factual circumstances underlying the claims. Thus, even under the most

liberal construction, Blaskowski's Complaint "lacks any arguable basis" on the facts presented to the Court. *Id.* For this reason, the Court will adopt the recommendation of the Magistrate Judge and summarily dismiss this action as frivolous pursuant to section 1915(e)(2)(B)(i).

### III.     RESTRICTION ON FUTURE FILINGS

The Magistrate Jude also recommended the Court restrict Blaskowski from filing new cases in the District of Minnesota without legal representation or prior written authorization from a judicial officer. For the reasons set forth below, the Court will adopt the recommendation of the Magistrate Judge.

Pro se litigants have a right of access to the courts. *Miller v. Minnesota*, No. 08-6555, 2009 WL 3062012, at *4 (D. Minn. Sept. 18, 2009). "That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive documents." *Id.* "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (quoting *Colorado v. Carter*, 678 F. Supp. 1481, 1486 (D. Colo. 1986)). Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." *Id.* The Court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* at 1292-93.

Here, Blaskowski initiated numerous lawsuits in the District of Minnesota, or had lawsuits transferred to the District of Minnesota, that completely lacked factual support. *See Blaskowski v. Minnesota*, No. 16-1831 (D. Minn. Dec. 29, 2016); *Blaskowski v. Anderson Trucking*, No.16-601 (D. Minn. May 25, 2016); *Blaskowski v. Vicki Land Wehr Constr.*, No. 16-447 (D. Minn. Mar. 24, 2016); *Blaskowski v. Landwehr*, No. 16-157 (D. Minn. Mar. 15, 2016); *Blaskowski v. Minnesota*, No. 15-2733 (D. Minn. Aug. 4, 2015).

Further, Blaskowski filed many unmeritorious actions in other federal district courts against Minnesota defendants. *See, e.g.*, *Blaskowski v. Electrolux Home Prods.*, No. 16-723 (D. Conn. June 24, 2016); *Blaskowski v. No Named Defendants*, No. 16-742 (D. Colo. May 6, 2016); *Blaskowski v. Centra Care Clinic Hosp.*, No. 16-37 (D. Mont. Apr. 28, 2016); *In re Blaskowski*, No. 16-2016 (W.D. Mich. Mar. 18, 2016); *Blaskowski v. Minnesota*, 15-422 (W.D. Mich. July 20, 2015); *Blaskowski v. Electrolux Home Prods., Inc.*, No. 15-49 (D. Mont. July 13, 2015); *Blaskowski v. Electrolux Home Prods.*, No. 15-3734 (C.D. Cal. June 30, 2015).

Other claims Blaskowski filed were dismissed pre-service for failure to state a claim. *See Blaskowski v. Farmers Ins.*, No. 16-353 (D.R.I. July 11, 2016); *Blaskowski v. Farmers Ins.*, No. 15-3745 (C.D. Cal. May 26, 2015). And another federal district court declined to interpret several documents submitted by Blaskowski as a pleading. *See In re Adam Frank Blaskowski*, No. 15-13 (W.D. La. Apr. 30, 2015). In all, Blaskowski filed approximately twenty unmeritorious actions around the country, primarily against Minnesota residents.

In light of this extensive record of superfluous filing, the Court will find that it is now necessary and appropriate to protect the District of Minnesota and its staff from further submissions. Therefore, the Court will restrict Blaskowski from filing new cases in the District of Minnesota without representation by counsel or prior written authorization from a judicial officer.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Blaskowski's objections [Docket No. 15] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 30, 2016 [Docket No. 14]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Blaskowski's claims against Defendants are **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)**.**

2. Blaskowski is restricted from filing new cases in the District of Minnesota unless Blaskowski is represented by an attorney admitted to practice before this Court or receives prior written authorization from an appointed judicial officer of the federal court in the District of Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 29, 2016                        s/ John R. Tunheim
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                                      Chief Judge
                                                           United States District Court